FILED
LUCAS COUNTY

2011 JAN 31 P 1:50

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS OF LUCAS COUNTY, OHIO

| | |
|---|---|
| PATRICIA A. PREPHAN<br>4839 S. Arvilla<br>Toledo, OH 43623<br><br>    Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, Inc.<br>c/o its Statutory Agent,<br>CT Corporation System<br>1300 E. Ninth St.<br>Cleveland, OH 44114<br><br>and<br><br>PALISADES COLLECTION, LLC.<br>c/o its Statutory Agent, Levy and Associates<br>4645 Executive Dr.<br>Columbus, OH 43220<br><br>and<br><br>CHASE BANK<br>200 White Clay Center Drive<br>Newark, DE 19711<br><br>    Defendants. | Case No: **Assigned to Judge Stacy L. Cook**<br><br>JUDGE  **CI0201101493**<br><br>COMPLAINT WITH<br>JURY DEMAND<br><br>Kyle A. Silvers, Esq. (0067654)<br>SHINDLER, NEFF, HOLMES,<br>SCHLAGETER & MOHLER, LLP.<br>300 Madison Ave., Suite 1200<br>Toledo, OH 43604<br>Tel: 419-243-6281<br>Fax: 419-474-9522<br>ksilvers@snhslaw.com<br>Attorney for Plaintiff |

NOW COMES PLAINTIFF PATRICIA A. PREPHAN ("Prephan"), by and through counsel, and for her complaint states the following:



1

## I. THE PARTIES

1. Plaintiff Prephan is, and was at all times relevant hereto, a resident of Toledo, Lucas County, State of Ohio.

2. Defendant NCO Financial Systems, Inc., is a corporation formed under the laws of the State of Pennsylvania, doing business in Ohio as a foreign corporation.

3. Defendant Palisades Collection, LLC., is a limited liability company formed under the laws of the State of Delaware, doing business in Ohio as a foreign limited liability company.

4. Defendant Chase Bank is a corporation formed under the laws of the State of Delaware, doing business in Ohio as a foreign limited liability company.

5. The alleged amount in controversy is $10,626.29.

## II. STATEMENT OF THE FACTS

6. Defendants began contacting Plaintiff Prephan in 2009 regarding a disputed debt allegedly owned to Defendant Palisades, acting on behalf of Defendant Chase Bank. Plaintiff's employer, Martin E. Mohler, Esq., sent an August 5, 2009 letter advising Defendants that the debt was disputed, and asking Defendants to provide the name and address for the original creditor.

7. Instead, Defendants have persisted in calling Plaintiff repeatedly, and on a daily basis, at her place of employment and at her home, despite repeated requests that they cease and desist.

8. At all times pertinent hereto, Defendants were acting as debt collectors, as that term is defined by 15 U.S.C. 1692a(6).

## III. FIRST CLAIM FOR RELIEF

### Violation of U.S.C. 1692f(1) – False or Misleading Communications

9. Plaintiff restates the allegations contained in Paragraphs 1-8 as if fully rewritten herein.

2

10. Defendants' claims regarding the alleged debt that may be collected from Plaintiff violate 15 U.S.C. 1682f(1), which prohibits the "collection of any amount (including any interest fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

### IV. SECOND CLAIM FOR RELIEF

#### Unfair or Deceptive Trade Practices

11. Plaintiff restates the allegations contained in Paragraphs 1-10 as if fully rewritten herein.

12. O.R.C. 1345.09 provides that, for a violation of O.R.C. 1345.02, 1345.03, or 1345.031, a consumer may, in an individual action, rescind the transaction or recover the consumer's actual economic damages plus an amount not exceeding Five Thousand Dollars in non-economic damages.

13. As a direct and proximate result of Defendants' actions, Plaintiff has had to retain counsel and incur fees in an ongoing attempt to remedy this matter.

### IV. THIRD CLAIM FOR RELIEF

#### Intentional Infliction of Emotional Distress

14. Plaintiff restates the allegations contained in Paragraphs 1-13 as if fully rewritten herein.

15. Defendants' letters and incessant calls were intended to cause, and in fact did cause, Plaintiff Prephan to suffer emotional distress.

16. As a direct and proximate result of Defendants' actions, Plaintiff has suffered, and continues to suffer, emotional distress.

WHEREFORE, Plaintiff respectfully requests:

1. An award of actual damages in an amount to be determined at Trial for damages sustained as a result of Defendants' violations of 15 U.S.C. 1692, et seq.

2. An award of statutory damages as provided for by U.S.C. 1692, et seq.

3. An award declaring that the alleged debt be deemed fully satisfied.

3. An award of damages in an amount to be determined at Trial for damages sustained as a result of Defendants' violations of the Ohio Unfair and Deceptive Trade Practices Act.

4. An award of damages, including attorney fees, against all Defendants as compensation for the intentional infliction of emotional distress upon Plaintiff.

5. A temporary and permanent injunction prohibiting Defendants from sending letters or making multiple calls containing identical or similar language regarding disputed debts.

6. Any and all other relief the Court deems just in the premises.

Respectfully submitted,

Kyle A. Silvers, Esq. (0067654)
SHINDLER, NEFF, HOLMES,
SCHLAGETER & MOHLER, LLP.
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby requests that trial proceed to jury as to all issues so triable.

Kyle A. Silvers, Esq



**J. BERNIE QUILTER**
Lucas County Clerk of Courts
LUCAS COUNTY COURTHOUSE
700 ADAMS STREET
TOLEDO, OHIO 43604

7010 1870 0000 2961 3285

NCO FINANCIAL SYSTEMS INC
C/O ITS STATUTORY AGENT CT
CORPORATION
1300 E NINTH ST
CLEVELAND, OH 44114