IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Patricia A. Prephan , | Case No. 3:11-cv-00434 |
| Plaintiff, | NOTICE<br>CASE MANAGEMENT CONFERENCE |
| -vs- | JUDGE JACK ZOUHARY |
| NCO Financial Systems, Inc,et al., | |
| Defendant. | |

This case is subject to the provisions of Local Rule 16.1 of the Northern District of Ohio entitled "Differentiated Case Management" (DCM). Counsel are expected to familiarize themselves with applicable Local Rules and Federal Rules of Civil Procedure. The Court shall evaluate this case pursuant to Local Rule 16.1 and assign this case to an appropriate management track (expedited, standard, complex, mass tort and administrative) described in Local Rule 16.2(a). The track assignment will dictate time lines for discovery, motions and trial. Unless otherwise ordered, discovery shall be guided by Local Rule 26.1 and motion practice shall be guided by Local Rule 7.1.

**SCHEDULING OF CASE MANAGEMENT CONFERENCE**

The Case Management Conference (CMC) shall be held on **March 31, 2011 at 2:00 PM** before Judge Jack Zouhary, in Room 203, Ashleys Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio. Counsel shall attend in person and be prepared to discuss settlement. Parties may attend by phone or in person.

Local Rule 16.3(b) requires the attendance of both parties and lead counsel. "Parties" means either the named individuals or, in the case of a corporation or similar legal entity, a person who is familiar with the case. If the presence of a party or lead counsel will constitute an undue hardship,

call opposing counsel and the Judge's Chambers (419-213-5675) at least one week prior to the conference to request participation by telephone and, if allowed, to provide phone number where counsel and client may be reached.

## APPLICATION OF FEDERAL CIVIL RULE 26(a)

Rule 26(a) mandates required disclosures in lieu of discovery requests unless otherwise stipulated or directed by Order of the Court or by Local Rule. **Initial Disclosures shall be exchanged no later than two weeks prior to the CMC in order that counsel may knowledgeably complete the Report of the Parties. If additional time is needed, please call Chambers (419-213-5675).** In this case, all disclosures mandated by Rule 26(a) shall apply, including Initial Disclosures, Expert Testimony, and Pre-Trial Disclosures.

Prior to the CMC, parties may undertake such informal or formal discovery as mutually agreed. Absent such agreement, no preliminary **formal** discovery may be conducted prior to the CMC except as necessary and appropriate to support or defend against any challenges to jurisdiction or claim for emergency, temporary, or preliminary relief. Local Rule 30.1 governs conduct at depositions, and counsel shall comply with this Rule.

**TRACK RECOMMENDATION**

Pursuant to Local Rule 16.2(a), and subject to further discussion at the CMC, the Court recommends the following track: [STANDARD] which means trial date will be no later than June 2012.

**PREPARATION FOR CMC BY COUNSEL**

The general agenda for the CMC is set by Local Rule 16.3(b). Counsel should be prepared to discuss claims and defenses in detail with the Judge.

Counsel for Plaintiff(s) shall arrange with opposing counsel to hold the meeting required by Federal Civil Rule 26(f) and Local Rule 16.3(b). A Report of this planning meeting shall be jointly signed and filed **at least three (3) days before to the CMC**. The Report shall be in a form substantially similar to Attachment l.

**FILING OF DISCOVERY MATERIALS**

Unless otherwise ordered, initial disclosures and discovery materials shall **not** be filed except where submitted in support of a motion or for use at trial. More detail on Judge Zouhary's case management practices and trial procedures can be found at the Court's website: www.ohnd.uscourts.gov.

    GERI M. SMITH,
    Clerk of Court

    /s/ **DEANNA L. COX**
    DeAnna L. Cox
    Courtroom Deputy for Judge Zouhary

**ATTACHMENT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| , | | Case No. |
| | Plaintiff, | REPORT OF PARTIES' <u>PLANNING MEETING</u> |
| -vs- | | |
| , | | JUDGE |
| | Defendant. | |

1. Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b), a meeting was held on _____

   _____, and was attended by:

   _____ Counsel for Plaintiff(s) _____

   _____ Counsel for Defendant(s) _____

2. The parties:

   _____ Have exchanged the pre-discovery disclosures required by Rule 26(a)(l) and the

   Court's CMC Notice; or

   _____ Have permission from the Court to delay disclosure until after the CMC.

3. The parties recommend the following track:

   _____ Expedited    _____ Standard    _____ Complex

   _____ Administrative    _____ Mass Tort

4. This case _____ is / _____ is not suitable for Alternative Dispute Resolution ("ADR")

(e.g., mediation, arbitration, summary trial).

5. The parties \_\_\_\_\_ do/ \_\_\_\_\_ do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636(c).

If you are consenting to the jurisdiction of the Magistrate Judge, please contact the Judge's Chambers (419-213-5675) **prior** to the Case Management Conference. A Consent to the Exercise of Jurisdiction will then be issued for signature by all parties and the case will be sent to the Magistrate Judge for the Case Management Conference and all further proceedings.

6. The parties agree that this case \_\_\_\_\_ does / \_\_\_\_\_ does not involve electronic discovery. **(Counsel are reminded to review the default standard for e-discovery set forth in Appendix K to the Local Rules.)**

7. Recommended Discovery Plan:

(a) Describe the subjects on which discovery is to be sought, the nature and extent of discovery and any potential problems: _____

_____

_____

(b) Describe anticipated e-discovery issues (i.e., what ESI is available and where it resides; ease/difficulty and cost of producing information; schedule and format of production; preservation of information; agreements about privilege or work-production protection, etc.):

_____

_____

_____

8. Recommended cut-off for amending the pleadings and/or adding additional parties:

_____

9. Expert disclosures:

      (a)    Names by: _____

      (b)    Reports by: _____

      **(Note: Depositions allowed only upon showing of good cause.)**

10.    Discovery deadlines:

      (a)    Liability: _____

      (b)    Damages: _____

11.    Recommended dispositive motion date: _____

12.    Recommended date for telephone status: _____

13.    Other matters for the attention of the Court: _____

_____

_____

Attorney for Plaintiff(s):    s/_____

Attorney for Defendant(s):    s/_____