UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA A. PREPHAN,

        Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC., and
PALISADES COLLECTION, LLC, and
CHASE BANK,

        Defendants.

Civil Action No. 3:11CV0434

JUDGE JACK ZOUHARY

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Defendants, NCO Financial Systems, Inc. and Palisades Collection, LLC (hereinafter individually referred to as "NCO" and "Palisades", respectively) by and through undersigned counsel, and for its answer to plaintiff's complaint, states as follows:

### I. THE PARTIES

1. NCO and Palisades deny the allegations contained in ¶ 1 of the Complaint for lack of sufficient information to justify a reasonable belief therein.

2. NCO and Palisades admit the allegations contained in ¶ 2 of the Complaint.

3. NCO and Palisades admit the allegations contained in ¶ 3 of the Complaint.

4. NCO and Palisades deny the allegations contained in ¶ 4 for lack of sufficient information to justify a belief therein.

5. NCO and Palisades admit the amount in controversy does not exceed $10,626.29 as alleged in ¶ 5 of the Complaint. Except as specifically admitted, NCO and Palisades deny the allegations in ¶ 5 of the Complaint.

## II.    STATEMENT OF THE FACTS

6. NCO and Palisades admit that in approximately August 2009, an account in plaintiff's name was placed with NCO for servicing, and that on or about August 21, 2009, NCO documented receipt of correspondence from plaintiff or persons on her behalf regarding the subject account. Except as specifically admitted, NCO and Palisades deny the allegations contained in ¶ 6 of the Complaint for lack of sufficient information to justify a reasonable belief therein.

7. NCO and Palisades deny the allegations contained in ¶ 7 of the Complaint.

8. NCO and Palisades admit that when they act as debt collectors as defined by 15 U.S.C. § 1692a(6), their debt collection activities may be regulated by certain provisions of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692, *et seq*. Except a specifically admitted, NCO and Palisades deny the allegations contained in ¶ 8 of the Complaint.

## III.    FIRST CLAIM FOR RELIEF

### Violation of U,S.C. 1692f(1) – False or Misleading Communications

9. In response to ¶ 9 of the Complaint, NCO and Palisades hereby incorporate by reference their admissions and denials as set forth in the above paragraphs.

10. NCO and Palisades deny the allegations contained in ¶ 10 of the Complaint.

## IV.    SECOND CLAIM FOR RELIEF

### Unfair or Deceptive Trade Practices

11. In response to ¶ 11 of the Complaint, NCO and Palisades hereby incorporate by reference their admissions and denials as set forth in the above paragraphs.

12. O.R.C. 1345.09 speaks for itself and is the best evidence of its contents. To the extent that plaintiff states otherwise, NCO and Palisades deny the allegations Contained in ¶ 12 of the Complaint.

13. NCO and Palisades deny the allegations contained in ¶ 13 of the Complaint.

### IV. THIRD CLAIM FOR RELIEF

#### Intentional Infliction of Emotional Distress

14. In response to ¶ 14 of the Complaint, NCO and Palisades hereby incorporate by reference their admissions and denials as set forth in the above paragraphs.

15. NCO and Palisades deny the allegations contained in ¶ 15 of the Complaint.

16. NCO and Palisades deny the allegations contained in ¶ 16 of the Complaint.

#### PRAYER FOR RELIEF

17. NCO and Palisades deny plaintiff is entitled to the relief sought.

AND NOW, in further Answer to the Complaint, NCO and Palisades aver as follows:

#### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event NCO or Palisades are found to be a debt collector as defined in FDCPA, any such violation(s) was not intentional and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**THIRD AFFIRMATIVE DEFENSE**

Assuming plaintiff suffered any damages, which is denied, plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

**FOURTH AFFIRMATIVE DEFENSE**

Any harm suffered by plaintiff, which is denied, was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of NCO and Palisades, or for whom NCO and Palisades are not responsible or liable.

WHEREFORE, Defendants, NCO Financial Systems, Inc. and Palisades Collection, LLC, respectfully request that this answer be deemed good and sufficient, plaintiff's lawsuit be dismissed, with prejudice, at plaintiff's costs, pursuant to Federal and State law, plaintiff be ordered to pay reasonable attorney's fees and costs for NCO and Palisades, and for all other general and equitable relief.

Respectfully Submitted,

/s/ Franklin C. Malemud
Franklin C. Malemud, Esq. (0068356)
Reminger Co., LPA
101 West Prospect Ave.
1400 Midland Building
Cleveland,OH 44115
216-687-1311; 216-687-1841 Fax
Email: fmalemud@reminger.com
*Attorney for NCO Financial Systems, Inc. and Palisades Collection, LLC*

**CERTIFCATION OF SERVICE**

A copy of the foregoing has been forwarded to all parties or their counsel of record via ECF on this 10th day of March 2011 to the following:

| | |
|---|---|
| Kyle A. Silvers, Esq.<br>Shindler, Neff, Holmes,<br>Schlageter & Mohler, LLP<br>300 Madison Ave., #1200<br>Toledo, OH 43604 | Attorney for Plaintiff |
| David Yeagley, Esq.<br>Ulmer & Berne LLP<br>1660 West 2nd Street, Suite 1100<br>Cleveland, OH 44113-1448 | Attorney for Chase Bank |

/s/ Franklin C. Malemud
Franklin C. Malemud, Esq. (0068356)