IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA A. PREPHAN,

                Plaintiff,                Case No. 3:11 CV 434

    -vs-

                                              MEMORANDUM OPINION

NCO FINANCIAL SYSTEMS, INC., et al.,

                Defendant.

KATZ, J.

      This matter is before the Court on the motion of defendant Chase Bank ("Chase") to dismiss the claims against it (Doc. 6). The motion will be granted in part and denied in part as set forth below.

**I. Standard of Review**

      Fed.R.Civ.P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc*., 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, *Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

      Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient

facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, the Court is cognizant that Fed. R. Civ. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. at 93 (citing *Twombly*, 550 U.S. at 555); see also *Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

**II. Discussion**

Plaintiff asserts three claims against Chase: violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1682f; unfair or deceptive trade practices under Ohio Rev. Code 1345.01, the Ohio Consumer Sales Practices Act (OCSPA); and intentional infliction of emotional distress. Chase contends that the Complaint fails to state a claim for violation of the FDCPA because Chase is a creditor and thus not a "debt collector" within the meaning of the statute. See *Bridge v. Ocwen Federal Bank*, 669 F.Supp.2d 853, 857 (N.D. Ohio 2009) ("[T]he [FDCPA] is directed solely to the conduct of debt collectors, not creditors"). In her opposition brief (Doc. 17),

Plaintiff does not address this argument. Therefore, Plaintiff's claim against Chase for violation of the FDCPA is dismissed with prejudice.

Chase also contends that Plaintiff has failed to state a claim for unfair or deceptive trade practices under the OCSPA, because it qualifies as a "financial institution" within the meaning of R.C. 5725.01(A)(1) and thus is exempt from the OCSPA pursuant to R.C. 1345.01(A). See *Blon v. Bank One, N.A.*, 35 Ohio St.3d 98, 100 n.3 (1988) ("[B]ecause Bank One is a financial institution under R.C. 5725.01(A), the transaction at issue is excepted from application of . . . the Ohio Consumer Sales Practices Act by R.C. 1345.01(A)."). Plaintiff also does not address this argument in her opposition brief. Thus, Plaintiff's claim against Chase for unfair or deceptive trade practices is dismissed with prejudice.

Plaintiff's final claim against Chase is for intentional infliction of emotional distress (IIED) under Ohio common law. In the Complaint, Plaintiff alleges that the Defendants began contacting her in 2009 "regarding a disputed debt allegedly owned [sic] to Defendant Palisades, acting on behalf of Defendant Chase Bank." The Complaint goes on to allege that Plaintiff's employer sent a letter advising Defendants that the debt was disputed, and asking Defendants to provide the name and address of the original creditor. But, instead of complying with the request, "Defendants have persisted in calling Plaintiff repeatedly, and on a daily basis, at her place of employment and her home, despite repeated requests that they cease and desist."

Chase contends that the IIED claim must be dismissed because the factual allegations of the Complaint are insufficiently detailed to state a plausible claim. Under Ohio law, the elements of IIED are: (1) the defendant either intended to cause emotional distress or knew or should have known that the actions taken would result in serious emotional distress to the plaintiff; (2) the

3

defendant's conduct was so extreme and outrageous as to go "beyond all possible bounds of decency," such that it can be considered "utterly intolerable in a civilized community"; (3) the defendant's actions were the proximate cause of the plaintiff's mental anguish; and (4) the mental anguish suffered by the plaintiff was serious and of a nature that no reasonable person could be expected to endure. *Tschantz v. Ferguson*, 97 Ohio App.3d 693, 702 (1994).

Upon review, the Court finds that the factual allegations of the Complaint, and inferences therefrom, are sufficient to state a plausible IIED claim. See *Twombly*, 550 U.S. 544, 570 ( Refusing to "require heightened fact pleading of specifics").

### III. Conclusion

For the foregoing reasons, Defendant Chase Bank's motion to dismiss (Doc. 6) is granted as to the Fair Debt Collection Practices Act and Ohio Consumer Sales Practices Act claims and denied as to the intentional infliction of emotional distress claim.

IT IS SO ORDERED.

        s/ *David A. Katz*
        DAVID A. KATZ
        U. S. DISTRICT JUDGE